UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 22-cr-194 (SRN/ECW)

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) GOVERNMENT'S OPPOSITION TO |
| v. | ) DEFENDANT'S MOTION FOR |
| | ) REVOCATION OF DETENTION ORDER |
| DANIEL JAMES HART, JR., | ) |
| a/k/a | ) |
| "Dula" | ) |
| Defendant. | |

The United States of America, by and through its attorneys, Andrew M. Luger, United States Attorney for the District of Minnesota, and Justin A. Wesley, Assistant United States Attorney, hereby submits its response in opposition to the defendant's motion to revoke his Order for Detention, issued by United States Magistrate Judge David T. Schultz on July 22, 2022 (DCD 12).

The defendant did not request a hearing, and one is not necessary in this case. If the Court schedules a hearing, the United States will present additional evidence regarding the danger Mr. Hart poses to the public.

Mr. Hart is a self-admitted gang member who unlawfully armed himself with a firearm. As the United States noted at the detention hearing, there is a particular danger involved with armed gang members, because they shoot their enemies, or "ops" (short for "opponents") on sight. Mr. Hart was only in this position because of his gang affiliation. He knew if he ran into someone who was in an opposing gang, or someone who recognized

him as being from an opposing gang, there would be a gun battle. In this case, Mr. Hart just happened to be the only one who fired his weapon.

Mr. Hart is charged with being a felon in possession of ammunition, but the underlying facts are that he unlawfully possessed both a firearm [1] and ammunition, attended a high school graduation, and then afterward shot a man to death at a gas station. Mr. Hart claims he acted in self-defense. However, Mr. Hart has no legal justification for possessing the firearm and ammunition in the first place, and his actions demonstrate a guilty mind. After the homicide, Mr. Hart fled the scene in his vehicle and later posted on his social media account about how he "had a shootout" with "a junkie" who "ain't shot his gun yet[.]" Flight—and bragging or mocking the victim on social media—are not hallmarks of a person acting in self-defense.

In addition to his current felonious conduct resulting in the death of a human being, Mr. Hart has prior convictions for First Degree Aggravated Robbery and Second Degree Assault, and a separate case for Aiding an Offender – Accomplice After the Fact. Both of those cases involved firearms. In fact, according to the police reports, in the Aiding an Offender case, Mr. Hart was in another "shootout" outside of a Footlocker. After Mr. Hart ran out of bullets, he grabbed his injured accomplice's firearm, pointed it at his perceived enemies, and fled in a vehicle.

Given the defendant's recent significant alleged criminal activity, his prior convictions involving the use of a firearm, and the factors listed in 18 U.S.C. § 3142(g),

---

[1] The firearm was never recovered, so it cannot be determined whether the particular firearm affected interstate commerce. In any event, there is no dispute that the weapon used would meet the federal definition of a firearm.

2

detention is well warranted on the risk of danger and risk of non-appearance grounds. Accordingly, the defendant's motion should be denied, and the Order for Detention should be affirmed.

## ARGUMENT

Upon a motion for revocation or amendment of a magistrate judge's detention order under 18 U.S.C. § 3145(b), the district court judge having original jurisdiction over the offense reviews the detention determination de novo "and makes an independent determination of the proper pretrial detention or conditions for release," which can include "grounds other than those considered by the magistrate." *United States v. Maull*, 773 F.2d 1479, 1484-85 (8th Cir. 1985) (discussing with approval *United States v. Fortna*, 769 F.2d 243, 250 (5th Cir. 1985)).

Under 18 U.S.C. § 3142(e), the Court shall order the detention of a defendant pending trial upon finding *either* clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of any other person or the community *or* a preponderance of evidence that no such conditions will reasonably assure the defendant's appearance as required in future proceedings. *United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003); *United States v. Sazenski*, 806 F.2d 846, 848 (8th Cir. 1986) (recognizing that either danger to the community or risk of flight is sufficient to authorize detention). The factors the judicial officer must consider in deciding detention are:

(1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence or involved a firearm;

(2) the weight of the evidence against the person;

(3) the history and characteristics of the person, including—

  (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

  (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

The defendant claims that he is not a danger to the community. (DCD 15). His claim lacks merit. Here, all factors weigh significantly in favor of detention, and the record shows that no condition or combination of conditions would reasonably assure the safety of the community. Accordingly, the defendant's detention should be affirmed.

  A. <u>The Nature and Circumstances of the Offenses</u>

As noted above, the defendant is charged with being a felon in possession of ammunition after he shot and killed a man at a gas station where other innocent bystanders were present. This nature and circumstances of the offense weighs in favor of detention.

  B. <u>The Weight of the Evidence Against the Defendant</u>

The defendant's crime was caught on surveillance camera, and Mr. Hart does not seem to contest the unlawful possession of the ammunition. He argues he used the firearm in self-defense, which is not a defense to the offense charged. Therefore, this factor also weighs in favor of detention.

C.  The History and Characteristics of the Defendant

Mr. Hart has two prior cases involving firearms. The first involved Mr. Hart and two other individuals robbing a 57-year-old man at gunpoint. The second was a gunfight between Mr. Hart and his accomplices and another group. According to witness accounts, when Mr. Hart ran out of bullets, he picked up his injured accomplice's firearm and they fled the scene in a vehicle. This factor also weighs in favor of detention.

D.  The Nature and Seriousness of the Danger to any Person or the Community

Mr. Hart is a self-admitted gang member. As demonstrated by his offense conduct, this fact in and of itself poses a serious danger to the community. Wherever he may be—a high school graduation, a gas station, or any other public place with any number of innocent bystanders—he may recognize someone, or someone may recognize him, as an opposing gang member. The expectation of gang life is that shots will be fired. The unfortunate, and unnecessary result of that unlawful and ridiculous expectation is that oftentimes people are seriously injured and killed. Sometimes, they are innocent bystanders who have nothing to do with petty rivalries.

Additionally, as noted above, the evidence against the defendant is very strong. He was unlawfully carrying ammunition (and a firearm) at a high school graduation and killed a man at a gas station. His prior convictions and prison sentences apparently did not deter him from carrying yet another gun with the willingness and readiness to use it. Mr. Hart poses a danger to the community if released. *See Abad*, 350 F.3d at 799 (providing that Government met its burden of demonstrating danger to the community, by presenting significant evidence linking defendant to the violent crime for which he was indicted).

CONCLUSION

For all the foregoing reasons, as well as the Government's arguments at the detention hearing and the findings in Magistrate Judge Schultz's detention order, the Order for Detention should be affirmed on de novo review, and the Court should find that no condition or combination of conditions will reasonably assure the safety of the community should the defendant be released pending trial.

If the Court determines that a hearing is necessary, the United States will present additional evidence in support of detention.

Dated:  August 19, 2022                    Respectfully submitted,

ANDREW M. LUGER
United States Attorney

/s *Justin A. Wesley*
BY: JUSTIN A. WESLEY
Assistant United States Attorney
Attorney ID No. 0389189